# UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| WALTER STOCHEVSKI, Derivatively on Behalf of Nominal Defendant SENTINELONE, INC.<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>TOMER WEINGARTEN, DAVID BERNHARDT, CHARLENE T. BEGLEY, AARON HUGHES, MARK S. PEEK, ANA PINCZUK, DANIEL SCHEINMAN, TEDDIE WARDI, and JEFFREY W. YABUKI,<br><br>　　　　　Defendants,<br><br>and<br><br>SENTINELONE, INC.,<br><br>　　　　　Nominal Defendant. | Case No. 1:24-cv-0025-RGA |

## STIPULATION AND [PROPOSED] ORDER
## TRANSFERRING ACTION PURSUANT TO 28 U.S.C. § 1404(a)

WHEREAS, plaintiff Walter Stochevski ("Plaintiff") filed the above-captioned stockholder derivative action (the "Action") on behalf of nominal defendant SentinelOne, Inc. ("SentinelOne" or the "Company"), a Delaware corporation, in this Court on January 12, 2024;

WHEREAS, Article XII of SentinelOne's Restated Certificate of Incorporation, dated July 2, 2021 (the "Certificate of Incorporation"), provides that "[u]nless the Corporation consents in writing to the selection of an alternative forum, the Court of Chancery of the State of Delaware (or, if the Court of Chancery does not have jurisdiction, the federal district court for the District of

Delaware) shall, to the fullest extent permitted by law, be the sole and exclusive forum for . . . any derivative action or proceeding brought on behalf of the Corporation . . . ."

WHEREAS, *In re SentinelOne, Inc. Securities Class Action*, Case No. 4:23-CV-02786-HSG, is a securities class action that arises from substantially the same facts as alleged in the Action and is currently pending in the United States District Court for the Northern District of California before the honorable Haywood S. Gilliam ("Related Securities Class Action");

WHEREAS, SentinelOne maintains its corporate headquarters in Mountain View, California, and a majority of the witnesses and evidence in the Action and the Related Securities Class Action are located in the Northern District of California;

WHEREAS, on March 22, 2024, the Court in the Action issued an order to show cause why the Court should not transfer this Action to the Northern District of California;

WHEREAS, counsel for the plaintiff and defendants have conferred regarding the forum issue and the parties in the Action believe that judicial and party resources will be conserved and judicial economy will be achieved by transferring this Action to the same court that is handling the Related Securities Class action;

WHEREAS, the parties agree that deadlines in this Action, including any deadline for defendants to respond to the complaint in this Action, should be vacated;

WHEREAS, upon transfer of this action to the Northern District of California, the parties will submit a stipulation to stay the Action and seek an order that defendants shall not be required to answer, move to dismiss, or otherwise respond to the complaint until such stay is lifted; and

WHEREAS, this stipulation does not constitute a waiver by any defendant of any defense or argument, with the sole exception of arguments that the Northern District of California is an improper venue.

IT IS HEREBY STIPULATED AND AGREED by Plaintiff, the individual defendants in the Action, and nominal defendant Sentinel One, by and between their undersigned counsel, as follows:

1. The Parties consent to transfer the Action to the United States District Court for the Northern District of California for coordination with the Related Securities Class Action, pursuant to 28 U.S.C. § 1404(a).

2. The deadlines in this Action are vacated, including any deadline for defendants to respond to the complaint.

3. Upon transfer of this action to the Northern District of California, the parties will submit a stipulation to stay the Action and seek an order that defendants shall not be required to answer, move to dismiss, or otherwise respond to the complaint until such stay is lifted; and

4. Except as expressly set forth in this stipulation, this stipulation does not constitute a waiver by any defendant of any argument or defense.

Dated: April 4, 2024

| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | RIGRODSKY LAW, P.A. |
|---|---|
| */s/ Thomas P. Will*<br>William M. Lafferty (#2755)<br>Thomas P. Will (#6086)<br>1201 North Market Street<br>Wilmington, DE 19801<br>(302) 658-9200<br>Email: wlafferty@morrisnichols.com<br>twill@morrisnichols.com<br><br>*Counsel for Defendants*<br><br>OF COUNSEL: | */s/ Seth D. Rigrodsky*<br>Seth D. Rigrodsky (#3147)<br>Gina M. Serra (#5387)<br>Herbert W. Mondros (#3308)<br>300 Delaware Avenue, Suite 210<br>Wilmington, DE 19801<br>Telephone: (302) 295-5310<br>Facsimile: (302) 654-7530<br>Email: sdr@rl-legal.com<br>gms@rl-legal.com<br>hwm@rl-legal.com<br><br>*Counsel for Plaintiff Walter Stochevski*<br><br>OF COUNSEL: |

| | |
|---|---|
| Jay L. Pomerantz<br>FENWICK & WEST LLP<br>902 Broadway, #14<br>New York, NY 10010<br>Telephone: (212) 430-2600<br>jpomerantz@fenwick.com<br><br>Marie C. Bafus<br>FENWICK & WEST LLP<br>555 California St<br>San Francisco, CA 94104<br>Telephone: (415) 875-2371<br>mbafus@fenwick.com | Joshua H. Grabar<br>GRABAR LAW OFFICE<br>One Liberty Place<br>1650 Market Street, Suite 3600<br>Philadelphia, PA 19103<br>Telephone: (267) 507-6085 |

SO ORDERED this __4__ day of __April__, 2024.

/s/ Richard G. Andrews
United States District Court Judge